UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD JONES,<br>        Plaintiff,<br><br>v.<br><br>ROBERT B. CHRISTIAN,<br>SHARLESE HORTON,<br>DOMINIQUE MORGAN,<br>BLACK AND PINK,<br>        Defendant. | Civil Action No.<br>22-40027-TSH |

## ORDER TO SHOW CAUSE

**HILLMAN, D. J.**

1. Plaintiff Gerald Jones ("Jones") shall by **April 25, 2022** shall either: (1) pay the $402 filing and administrative fee; or (2) show cause why he is not barred from proceeding *in forma pauperis* as a three-strikes litigant under 28 U.S.C. § 1915(g), or this action will be dismissed.

As the Supreme Court has explained, "[t]o help staunch a 'flood of non-meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) (quoting Jones v. Bock, 549 U.S. 199, 203 (2007)). "Unless the prisoner is in imminent danger of serious physical injury," 28 U.S.C. §1915(g), "[t]hat rule generally prevents a prisoner from bringing suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" Lomax, 140 S. Ct. at 1723 (quoting 28 U.S.C. § 1915(g)). "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." Id. at 1727. From a review of the docket of the United States District Court for the District of Massachusetts, it appears that Jones has incurred three "strikes," and

nothing in the complaint in this action indicates that he is in imminent danger of serious physical injury.[1] Accordingly, it appears that Jones is barred from proceeding *in forma pauperis*.

2. Jones by **April 25, 2022** shall show cause why this action ought not be dismissed for lack of jurisdiction, or this action will be dismissed. "It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case."). It does not appear that the Court has subject matter jurisdiction over this action.

First, this action does not appear to raise a federal claim, or more specifically, any action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. None of the claims against his publicly appointed defense attorney are federal claims under 42 U.S.C. § 1983 because a public defender in representing a criminal defendant does not act under "color of law." Aldrich v. Ruano, 952 F. Supp. 2d 295, 301 (D. Mass. 2013) ("It is well-settled that a lawyer (even a court-appointed one) does not act under the color of state law in performing a lawyer's traditional function as counsel to a party." (citing Polk County v. Dodson, 454 U.S. 312 (1981)), aff'd, Aldrich v. Ruano, 554 Fed. Appx. 28 (1st Cir. 2014). Moreover, the allegations against the remaining defendants do not set forth a viable claim under 42 U.S.C. § 1983 as they do not appear to be state actors either. The Court discerns no other federal claims raised in the complaint as to the named defendants.

---

[1] See Jones v. City of Boston, 13-CV-40018-TSH, 2013 WL 1397737, at *2 (D. Mass. Apr. 4, 2013) (allowing motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), aff'd (Jan. 17, 2014); Jones v. Binnette, 1:98-cv-11336-RGS, ECF No. 34, August 18, 1999 Memorandum & Order (entry stating "In its present state, Jones's complaint fails to allege a viable claim" and dismissing the complaint); and Jones v. Ruffo, 1:95-cv-10121-NG, ECF Nos. 7 and 20 (allowing Fed. Civ. P. 12(b)(6) motions and dismissing action).

Second, in the absence of a federal claim, this Court has original jurisdiction over state-law claims to the extent that the plaintiff and defendants are citizens of different states and there is $75,000 in controversy. See 28 U.S.C § 1332(a)(1). Here, Jones does not allege that diversity jurisdiction is present. Indeed, it appears that at least one party appears to be a citizen of Massachusetts.  Accordingly, the Court lacks subject matter jurisdiction.

    3.   Summonses shall not issue absent further order of the Court.

**So Ordered.**

                                              /s/ Timothy S. Hillman

March 28, 2022
DATED:                                  UNITED STATES DISTRICT JUDGE